UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHAN ANDERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-777-JD-JEM |
| MERIDIAN RADIOLOGY, et al., | |
| Defendants. | |

OPINION AND ORDER

Nathan Anderson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Anderson alleges that x-rays of his wrist taken on April 28, 2022, showed a fracture. However, on May 19, 2022, Dr. Kuenzli indicated that there was no fracture. As a result, Anderson went several months without a cast for his wrist and had ongoing pain due to delays in treatment.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must

satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, the complaint alleges that Dr. Kuenzli's medical opinion directly contradicted the findings of a recent x-ray. Giving Anderson the benefit of the inferences to which he is entitled at this stage of the case, he may proceed against Dr. Kuenzli.

Anderson has also named Meridian Radiology as a defendant. He does not include any allegations against Meridian Radiology in his complaint. Because the

complaint does not allege any facts suggesting his rights were violated by Meridian Radiology, he will not be granted leave to proceed against it.

For these reasons, the court:

(1) GRANTS Nathan Anderson leave to proceed against Dr. Kuenzli in his individual capacity for compensatory and punitive damages for deliberate indifference to the plaintiff's medical needs on May 19, 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Meridian Radiology;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Kuenzli at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Kuenzli to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 14, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT